[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10276
Non-Argument Calendar
_____

D.C. Docket No. 1:93-cr-00080-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICK FERRER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 30, 2016)

Before HULL, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Nick Ferrer, proceeding pro se, appeals the district court's denial of his

motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on

Amendment 782 to the Sentencing Guidelines.  On appeal, Ferrer argues that he is eligible for a reduction under Amendment 782, even though he was sentenced as a career offender under U.S.S.G. § 4B1.1, because his guideline range was actually supplied by the drug guidelines in § 2D1.1.  As such, he asserts that Amendment 782 lowers his applicable guideline range.  He further contends that our precedent to the contrary has been abrogated by the Supreme Court's decision in Freeman v. United States, 564 U.S. 522, 131 S. Ct. 2685 (2011).

We review the district court's conclusions about the scope of its legal authority under § 3582(c)(2) de novo.  United States v. Colon, 707 F.3d 1255, 1258 (11th Cir. 2013).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Any reduction, however, must be consistent with the Sentencing Commission's policy statements. Id.  When the district court considers a § 3582(c)(2) motion, it must first recalculate the guideline range under the amended Guidelines.  United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).  When recalculating the guideline range, it can only substitute the amended guideline and must keep intact all other Guidelines decisions made during the original sentencing.  Id.  A defendant is eligible for a sentence reduction under § 3582(c)(2) when an amendment listed in

U.S.S.G. § 1B1.10(d) lowers his guideline range as calculated by the sentencing court prior to any departure or variance.  U.S.S.G. § 1B1.10(a)(1); id., cmt. n.1(A).

Amendment 782 provides a 2-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, amend. 782.  A district court is not authorized to reduce a defendant's sentence under § 3582(c)(2) where a retroactively applicable Guidelines amendment reduces his base offense level but does not alter the guideline range upon which his sentence was based.  United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008).  Specifically, when a drug offender is sentenced under the career-offender guideline in § 4B1.1, the guideline range upon which his sentence is based is calculated from § 4B1.1, not § 2D1.1.  United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012).  Because an amendment to § 2D1.1 does not affect a career offender's guideline range, he is ineligible for a sentence reduction under § 3582(c)(2) based on an amendment to that guideline.  Id. (affirming the denial of a sentence reduction under Amendment 750 to the Sentencing Guidelines).

Upon a review of the record and consideration of the parties' briefs, we affirm.

The district court did not err by denying Ferrer's motion for a sentence reduction because Amendment 782 did not lower his guideline range, as Ferrer's

total offense level and criminal history category were determined by the career-offender guideline in § 4B1.1, not the drug guideline in § 2D1.1.  See Lawson, 686 F.3d at 1321.  Further, we have expressly rejected the argument that Freeman overruled Moore and have reaffirmed that Moore continues to be binding precedent.  See id. at 1320-21.  Therefore, the district court correctly concluded that Ferrer was ineligible for a sentence reduction based on Amendment 782.

**AFFIRMED.**